HON. FREDERICK M. REUSS, JR. Village Attorney, Bellerose
This is in response to your recent letter requesting an opinion of the Attorney General as to whether or not the Board of Trustees of the Village of Bellerose may waive the requirements of section 3 of the Public Officers Law, by resolution, so as to permit a non-resident to hold the office of village clerk.
The Village Law, § 3-300, relates to the eligibility of persons to be appointed to or hold village office. Subdivision 2 of that section provides that a village officer must reside in the village. However, the statute further provides that notwithstanding any other provision of law to the contrary, the board of trustees of a village may provide, in lieu of any other residency requirement imposed by law, that any appointed village officer may reside within a county in which the village is wholly or partially situated. This provision applies to the office of village clerk which is an appointed position.
The residency requirement for village officers in Village Law, §3-300 was enacted subsequent to the general residency provision for public officers contained in Public Officers Law, § 3; and Village Law, § 3-300 specifically provides that this provision is applicable "notwithstanding any other provisions of law to the contrary * * *"
Public Officers Law, § 3 also relates to the qualifications for holding office. Subdivision 1 provides that a person holding a local office must be a resident of the political subdivision or municipal corporation of the state for which he shall be chosen, or within which the electors electing him reside, or within which his official functions are required to be exercised. The position of village clerk is a local office as provided in Public Officers Law, § 2.
A conflict between statutory provisions must be resolved by holding that the later enacted statute impliedly repealed the earlier one insofar as they are inconsistent, with the result that the later one is controlling (Abate v. Mundt, 25 N.Y.2d 309 [1969]). Therefore, the subsequent Village Law provisions relating to the residency requirements for village officers supersede the general residency requirements of the Public Officers Law.
The residency requirement for village officers is a fundamental qualification, and any provision relating to residency should be enacted by local law. Municipal Home Rule Law, § 10(1)(ii)(a) (1) authorizes a village to enact local laws relating to the qualifications for village officers. Pursuant to this authorization, the village should enact a local law to provide that as a qualification for holding a village office, the officer must reside within the County of Nassau.
In our opinion, the provisions of Village Law, § 3-300(2) are applicable, and the Board of Trustees of the Village of Bellerose, by local law duly enacted, may provide that in lieu of any other residency requirement imposed by law, the village clerk may reside within the county within which the village is wholly or partially sisuated.